■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. HERBERT ARUZ, Respondent, v. WARDEN OF THE CITY PRISON, BROOKLYN BRANCH, Respondent, and THE PEOPLE OF THE STATE OF NEW YORK, Appellant.— In a habeas corpus proceeding, the People appeal from so much of an order of the Supreme Court, Kings County, entered June 6, 1960 after a hearing, as sustained the writ insofar as it pertained to the relator's confinement by virtue of a warrant for parole violation. Order, insofar as appealed from, reversed on the law, without costs, writ dismissed, and relator remanded to the custody of respondent Warden of the City Prison. The implicit findings of fact are affirmed. On July 28, 1948, after a trial, the relator, then about 16 years of age, was convicted of the crime of robbery in the first degree and was sentenced to be "imprisoned and dealt with according to law and sent to the Reception Center of the Department of Correction at Elmira for classification and confinement pursuant to Article 3-A of the "Correction Law"; the length of the term was to be determined by article 13-A of the Correction Law. Relator was confined for more than six years before he was paroled in 1954. In 1960 relator was indicted for the crime of violating section 1897 of the Penal Law and, in default of $5,600 bail, was held in custody by the Warden of the City Prison pending trial. A parole violation warrant was filed against relator. Relator instituted this habeas corpus proceeding. The basic issue was whether the 1948 commitment and sentence involved a maximum term of imprisonment of five years as relator contended, or of 30 years as the People contended (see Penal Law, § 2125). Special Term agreed with relator. It sustained the writ insofar as it involved the warrant for the parole violation. It dismissed the writ insofar as it involved relator's confinement by virtue of a commitment remanding relator in default of bail fixed by the County Court on the indictment for violation of section 1897 of the Penal Law, and ordered relator remanded until said bail was furnished. It is undisputed that, after the determination by Special Term of the habeas corpus proceeding, relator obtained his release from custody by posting the bail. Under the circumstances, if relator was illegally detained on the parole violation warrant, Special Term did not act improperly by passing on the merits of relator's imprisonment under said warrant (see, e.g., Civ. Prac. Act, § 1231; People ex rel. Stokrocki v. Fay, 8 A D 2d 984). Nevertheless, it is our opinion that, under the sentence referring to the then article 13-A of the Correction Law, relator's maximum term of imprisonment was 30 years (Correction Law, § 61, subds. 1, 2, as amd. by L. 1946, ch. 206, L. 1947, ch. 198; Correction Law, § 343 of former art. 13-A as it read prior to repeal by L. 1954, ch. 803; People ex rel. Grady v. Jackson, 8 A D 2d 643; People v. Glowacki, 174 Misc. 415, 420–421; 1941 Atty. Gen. 361; 1942 Atty. Gen. 280). Insofar as the dictum in People ex rel. Stokrocki v. Fay (supra) may be inconsistent herewith, it is overruled. Beldock, P. J., Kleinfeld, Christ, Brennan and Rabin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ROBERT CAMPBELL, Appellant, v. WILFRED L. DENNO, as Warden of Sing Sing Prison, Respondent. — In a habeas corpus proceeding, relator appeals from an order of the Supreme Court, Westchester County, dated November 20, 1961, which dismissed the writ after a hearing, and remanded him to the custody of respondent. Order affirmed. No opinion. Ughetta, Acting P. J., Kleinfeld, Christ, Brennan and Rabin, JJ., concur.